MEMORANDUM **

Darin William Ewalt appeals from his jury-trial conviction and sentence for conspiracy to manufacture, manufacturing, distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, unlawful user or addict in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3), and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for Ewalt has filed a brief stating there are no grounds for relief, and a motion to withdraw as counsel of record. Ewalt has not filed a pro se supplemental brief.

We have conducted an independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We affirm the conviction. We vacate the sentence and remand for resentencing in light of *United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 769, 160 L.Ed.2d 621 (2005) and *United States v. Ameline,* No. 02–30326, 2005 WL 350811 (9th Cir. Feb.9, 2005).

Counsel's motion to withdraw as counsel on appeal is denied.

The conviction is **AFFIRMED**, the sentence is **VACATED** and **REMANDED**.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Terrie Rae TURBIVILLE, Defendant— Appellant.**

**No. 04–30065.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 18, 2005.

Marcia Good Hurd, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff– Appellee.

Jeffrey G. Michael, Esq., Billings, MT, Defendant–Appellant.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM **

We vacate the sentence and remand for resentencing in light of *United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 769, 160 L.Ed.2d 621 (2005), and *United*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*States v. Ameline,* No. 02–30326, 2005 WL 350811 (9th Cir. Feb.9, 2005).

**VACATED and REMANDED.**

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Joe Marion MANN, Defendant— Appellant.**

**No. 04–30116.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 18, 2005.

Frank Noonan, Esq., USPO—Office of the U.S. Attorney Mark O. Hatfield, U.S. Courthouse, Portland, OR, for Plaintiff– Appellee.

Marc D. Blackman, Esq., Portland, OR, for Defendant–Appellant.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Joe Marion Mann appeals from his conviction, after a bench trial, for mailing threatening communications, in violation of 18 U.S.C. § 876. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mann contends that there was insufficient evidence to prove that his letter constituted a true threat. We disagree.

A statement constitutes a true threat if "a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm." *See United States v. Orozco–Santillan,* 903 F.2d 1262, 1265 (9th Cir.1990). In the present case there was ample evidence from which a factfinder could have concluded that a reasonable recipient of Mann's letter would have interpreted it as a serious expression of intent to inflict harm. *See id.* at 1265–66.

Mann next contends that there was insufficient proof of his specific intent to threaten. We are not persuaded. Judging the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found that Mann intended to communicate a threat by means of his February 26, 2003 letter. *See United States v. King,* 122 F.3d 808, 809–10 (9th Cir.1997).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.